No. 521
CAPASSA alias REYNOLDS v. STATE
Ohio Appeals, Erie County
No. 182. Decided June 6, 1923
This opinion has not been published except in Abstract.

CRIMES—(1) Evidence of alias name properly admitted—(2) Affidavits of jurors not admissible to impeach verdict—(3) Failure of jury to understand penalty for offense, not prejudicial error—(4) Not necessary for a state to prove motive for murder—(5) Verdict not manifestly against weight of evidence.

CHITTENDEN, J.

Epitomized Opinion

Capassa was indicted for first degree murder for killing his wife. The accused claimed that the shooting was accidental. The court permitted the state to prove Capassa had an alias name, and also allowed much latitude in showing the nature of the accused's life from boyhood. The jury returned a verdict of second degree murder. A motion for a new trial was filed to which was attached affidavits of two jurors showing or tending to show that two of the jurors were misled in that the other jurors

mis-stated the extent of the penalty for second degree murder. This motion was overruled, whereupon the defendant prosecuted error. In affirming the judgment the Court of Appeals held:

1. As there was no evidence showing an intent or purpose on the part of the state to magnify the use of the alias or to take an unfair advantage of the fact, no prejudicial error was committed in allowing the state to prove the use of the same.

2. The testimony or affidavits of jurors impeaching the verdict rendered by them will not be received where the facts sought to be shown are as in the verdict.

3. The fact that the jury did not understand the penalty for second degree murder was no ground for disturbing the verdict, as the judgment of the jury as to guilt or innocence, must not be based upon the penalty.

4. The state is under no obligation to show the motive for a commission of a murder, although evidence tending to show the evidence or the non-existence of a motive is admissible and proper

5. It cannot be said as a matter of law that the verdict of the jury was manifestly against the weight of evidence.

Attorneys—Beis & Beis and Hart & Schoepfle, for Capassa; Earl Krueger and and James Klynn, for State.